UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TEE TURTLE, LLC, a Missouri limited liability company,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ABMASK; et al.,<br><br>　　　　　Defendants. | CASE NO. 2:21-CV-03572-CBM-(Ex)<br><br>**PRELIMINARY INJUNCTION** |

On April 29, 2021, the Court granted Plaintiff's Ex Parte Application for a Temporary Restraining Order ("TRO") and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("OSC") upon finding Plaintiff demonstrated a likelihood of success on the merits, irreparable harm in the absence of preliminary relief, the balance of equities tips in its favor, and an injunction is in the public interest. (*See* Dkt. No. 15 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).) The Court ordered Defendants to show cause, no later than May 3, 2021, why a preliminary injunction should not issue, and stated that a "failure to show cause why a preliminary injunction should not issue may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65." (Dkt. No. 16.) *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the same standard for preliminary injunctions applies to temporary restraining orders).

Plaintiff filed a proof of service demonstrating that the TRO and OSC were served on Defendants on April 29 and 30, 2021. (Dkt. No. 18.) However, no opposition has filed by Defendants as of the date of this Order, and Defendants did not appear at the May 6, 2021 hearing on the OSC.

Therefore, Defendants have failed to show cause why a preliminary injunction should not issue.

Accordingly, **IT IS HEREBY ORDERED** that Defendants ABMASK, ALLANHU; AST523; BABYEVERYDAY; BABYFASHIONWEDDING; BEAUTYDESIGN; BESTDEALS; BESTHAIR2021; BESTHOT2020; BESTOFFERS; BESTSTORE2021; CHEAPGOODFUNS CO. LTD.; CHICMISSDAY; CINDERELLADRESS; CREATIVE 2; CWMSPORTS; DHGATE BOUTIQUES STORE; DRESSAVE WEDDING DRESSES FACTORY; EARLYBIRDNO1 CO. LTD; FIDGET TOYS; GOOGSPORTS; HANGZHOU BOYUAN ENTERPRISE MANAGEMENT CO., LTD.; HAPPYLIFES; HOMEHOME9; HOT WIND; JACK6666; JSPET; KIDSWONDER; KN95 FACE

MASK; LETSPORTS; MISSHOWDRESS; NINGBO JEEWEEX ENTERPRISE; ONE-STOPOS; PROMOTIONSPACE; SHANGHAI 2008(HK) INTERNATIONAL TRADING LIMITED; SHANTOU HOYA NETWORK TECHNOLOGY CO., LTD; SHENZHEN DREAM CO., LTD.; SPRINGWEDDING FACTORY; TRIPLE_S_SNEAKERS; TONGXIANG INDUS HINYUE ZHENDONG SWEATER FACTORY; WHOLESALEFACTORY; WRISTWATCHES(HK) INTERNATIONAL TRADING CO., LTD.; WUSY_STORE; and Z1527, their respective officers, employees, agents, servants, and attorneys, and all persons in active concert or participation with any of them (collectively "Defendants") who receive actual notice of this Order (hereinafter collectively referred to as the "Restrained Persons"), are hereby restrained and enjoined from engaging in any of the following acts or omissions pending resolution of this action:

1) From manufacturing, producing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling any products that have a design that is substantially similar to Tee Turtle's Reversible Octopus Plushies as reflected in the copyrighted work registered under Registration Number VA 2-103-871;

2) From manufacturing, producing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling any products that are confusingly similar to Tee Turtle's trade dress embodied in the Reversible Octopus Plushies;

3) From secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and/or dealing with Infringing Products;

4) From effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, account, storefront, or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Infringing Products for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any preliminary injunction ordered by the Court in this Action; and

///

/ / /

5) From knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs (1) through (4) above.

**IT IS SO ORDERED.**

DATED: May 6, 2021.



_____
HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE