UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEE TURTLE, LLC<br><br>　　　　Plaintiff,<br>v.<br>ABMASK, *et al.*,<br>　　　　Defendants. | Case No.:   2:21-CV-03572-CBM-(Ex)<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION [51]** |

The matter before the Court is Plaintiff's Motion for Default Judgment and Permanent Injunction.  (Dkt. No. 51 (the "Motion").)  Having considered the Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of J. Michael Keyes, and the pleadings, files, and records of this matter, the Court **GRANTS** the Motion and finds as follows:

　　　　1.　　The Verified Complaint, filed on April 27, 2021, asserts four causes of action:  (1) Copyright Infringement, 17 U.S.C. § 101, *et seq.*; (2) Unfair Competition, Lanham Act § 43, 15 U.S.C. § 1125(a); (3) State Statutory Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq.*; and (4) Unfair Competition under California Common Law.  (Dkt. No. 1.)

　　　　2.　　On April 29, 2021, the Court granted Plaintiff's Ex Parte Application for a Temporary Restraining Order ("TRO") and Order to Show Cause Why a

1

Preliminary Injunction Should Not Issue ("OSC") upon finding Plaintiff demonstrated a likelihood of success on the merits, irreparable harm in the absence of preliminary relief, the balance of equities tips in its favor, and an injunction is in the public interest.  (*See* Dkt. No. 15 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).)

3.  On April 29, 2021, the Court granted Plaintiff's Ex Parte Application for an Order Granting Leave for Alternative Service by Electronic Means.  (Dkt. No. 17.)

4.  Plaintiff filed a proof of service reflecting electronic service of the Verified Complaint and Summons on all Defendants other than Defendant Happylifes on May 3, 2021, and electronic service on Defendant Happylifes on May 5, 2021, in the manner approved by the Court in its Order Granting Leave for Alternative Service by Electronic Means.  (Dkt. No. 32; *see also* Dkt. No. 31-1.)

5.  The Court issued a preliminary injunction against Defendants on May 6, 2021.  (Dkt. No. 23.)

6.  The Clerk entered default as to Complaint against all Defendants on June 22, 2021.  (Dkt. Nos. 36-44.)

7.  Defendants were served with notice of the Motion on October 5, 2021 (Keyes Decl. ¶ 28).

8.  Pursuant to Local Rule 7-9, Defendants' opposition to the Motion was due on October 19, 2021 based on the November 9, 2021 noticed hearing date, but no opposition was filed by Defendants and Defendants did not appear at the hearing.

9.  Plaintiff's counsel declares Defendants are not infants or incompetent persons or in military services or otherwise exempted under the Soldier's and Sailors' Civil Relief Act of 1940 (Keyes Decl. ¶ 29).

10.  The Court finds the statutory damages requested by Plaintiff pursuant to the Copyright Act in the amount of $40,000.00 against each of the six

defendants (Allanhu, Bestdeals, Besthot2020, Earlybirdno1 Co. Ltd., Hot Wind, and Promotionspace) who have not complied with the Court's preliminary injunction order as of September 23, 2021 (hereinafter, the "Non-Complying Defaulting Defendants") and $25,000.00 against each of the remaining defendants (Abmask, Ast523, Babyeveryday, Babyfashionwedding, Beautydesign, Besthair2021, Bestoffers, Beststore2021, Cheapgoodfuns Co., Ltd., Chicmissday, Cinderelladress, Creative 2, Cwmsports, DHGate Boutiques Store, Dresssave, Fidget Toys, Googsports, Hangzhou Boyuan Enterprise Management Co., Ltd., Happylifes, Homehome9, Jack6666, Jspet, Kidswonder, Kn95 Facemask, Letsports, Misshowdress, Ningbo Jeeweex Enterprise, One-stopos, Shanhai2008 (HK) International Trading Limited, Shantou Hoya Network Technology Co., Ltd., Shenzhen Dream Co., Ltd., Springwedding Factory, Triple_s_sneakers, Tongxiang Indus Hin Yue Zhendong Sweater Factory, Wholesalefactory, Wristwatches(HK) International Trading Co., Ltd., Wusy_store, and Zi527) who have complied with the Court's preliminary injunction order (hereinafter, "Complying Defaulting Defendants"), are within the permissible range of statutory damages permitted under the Copyright Act. *See STJ Enter. Inc. v. H Grp. Intl, Inc.*, 2020 WL 4286875, at *3 (C.D. Cal. July 27, 2020); *Star Fabrics, Inc. v. Wet Seal, Inc.*, 2015 WL 12746712, at *6 (C.D. Cal. Apr. 27, 2015).

11. The Court finds the factors in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), weigh in favor of granting the Motion for Default Judgment.

12. The Court finds Plaintiff is entitled to a rebuttable presumption of irreparable harm pursuant to 15 U.S.C. § 1116(a) because Plaintiff states a claim for trade dress infringement and has demonstrated a likelihood of success on the merits of its trade dress infringement claim. Defendants have not appeared and therefore present no evidence rebutting the presumption of irreparable harm. Moreover, Plaintiff submits evidence that it has been harmed by the loss of goodwill, damage to its reputation, and the inability to execute deals with large

retailers based on Defendants selling the infringing products, it is harmed each time Defendants sell the infringing products

13. Plaintiff offers evidence demonstrating the Non-Complying Defaulting Defendants have continued to offer infringing products for sale in violation of the Court's preliminary injunction order. Therefore, the Court finds monetary damages would not remedy the harm to Plaintiff from Defendants' continued infringement.

14. There is no evidence Defendants will be harmed by an injunction, and any hardship as a result of enjoining Defendants from infringing Plaintiff's copyrights and trade dress rights is irrelevant in determining whether to issue an injunction. *See Cadence Design Sys., Inc. v. Avant! Corp.*, 125 F.3d 824, 829 (9th Cir. 1997); *Deckers Outdoor Corp. v. Ozwear Connection Pty Ltd.*, 2014 WL 4679001, at *13 (C.D. Cal. Sept. 18, 2014). Plaintiff, however, submits evidence it will be harmed by the loss of goodwill, damage to its reputation, and the inability to execute deals with large retailers if Defendants are not enjoined from selling the infringing products.

15. The public interest is served by upholding rights under the Copyright Act and Lanham Act. *See Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 993 n. 5 (9th Cir. 2009); *State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 715 (9th Cir. 2005); *Charter Sch. Cap., Inc. v. Charter Asset Mgmt. Fund, LP*, 2014 WL 12560776, at *11 (C.D. Cal. July 21, 2014).

16. Therefore, the Court finds Plaintiff demonstrates the irreparable injury, inadequate remedy available at law, balance of hardships, and public interest factors weigh in favor of a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Accordingly, the Court **GRANTS** Plaintiff's Motion for Default Judgment and Permanent Injunction. Judgment shall be entered consistent herewith in the

amount of $40,000.00 against each of the Non-Complying Defaulting Defendants and $25,000.00 against each of the Complying Defaulting Defendants.

**IT IS SO ORDERED.**

SIGNED this 17th day of November, 2021 at 11:26 a.m.

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

CC: FISCAL

5